## STATE SUPREME COURT—Continued

## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI.

No. 18470—William F. Jones v. Harry J. Stevens. Error to the Court of Appeals of Cuyahoga County.

297. CONTRACTS—1. What points must be considered in determining whether sum named in, for its breach, is intended as a penalty, or as liquidated damages.

2. When amount so fixed should be treated as damages and not as penalty.

DAY, J.

1. To determine whether a sum named in a contract is intended as a penalty, or as liquidated damages, it is necessary to look to the whole instrument, its subject-matter, the ease or difficulty of measuring the breach in damages, and the amount of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequences of the breach, and also to the intent of the parties ascertained from the instrument itself in the light of the particular facts surrounding the making and execution of the contract.

2. Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.

Judgment of the Court of Appeals reversed and that of the Court of Common Pleas affirmed.

Marshall, C. J. Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

No. 18700—Morris F. Luff v. State of Ohio. Error to the Court of Appeals of Cuyahoga County, Ohio.

148. BILLS OF EXCEPTIONS—1. Requirements of statute as to duties of a party as to, are mandatory, but as to Judges are, directory.

2. Not available in a criminal case unless filed within the time fixed by the Court, which cannot be more than 30 days from overruling motion for new trial.

3. If not so filed, and the errors charged are such as can be disclosed only by a bill, the judgment must be affirmed.

MATTHIAS, J.

1. Although the provisions of the statute defining the duties of the clerk and trial judge with respect to a bill of exceptions are directory, the requirements thereof relative to the duties of a party are mandatory in character and must be performed in the manner and within the time prescribed by statute.

2. In the prosecution of error by a defendant from an adverse verdict and judgment in a criminal case in the court of common pleas a bill of exceptions is not available unless filed therein within the time fixed by that court, which, under the provisions of Section 13680, General Code, as amended April 5, 1923 (110 O. L., 301), cannot be more than thirty days from the overruling of the motion for a new trial.

3. Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors charged are such as can be disclosed only by a bill of exceptions, the judgment must be affirmed.

Judgment affirmed.

Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

No. 18797—Jean Joseph Davies, a Minor. etc., v. Zoa Kelley. Error to the Court of Appeals of Cuyahoga County.

703. LANDLORD AND TENANT—1. Duties of a house owner who leases a portion of it, to keep its halls, stairways, etc., in safe condition.

2. Duty and liability of extend not only to tenant but members of his family, employes, guests, and invitees.

MATTHIAS, J.

1. If the owner of a house leases a portion of it, to which access is had by way of halls, stairways or other approaches, to be used by such tenant in common with the owner or tenants of the other portions of the premises, and retains the possession and control of such halls, stairways or other approaches, it is his duty to exercise ordinary care to keep the same in a reasonably safe condition.

2. Where a porch and stairway leading thereto are provided, maintained and controlled by a landlord for the use of several tenants of his building, and are thus used, he is in general liable for any injuries arising from his neglect to keep the same in proper repair; such duty and liability extend not only to the tenant himself but also to members of his family, employes, guests and invitees.

Judgment reversed.

Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.